JOURNAL ENTRY AND OPINION
Defendant-Appellant ATT appeals from the judgment of Parma Municipal Court upholding the Magistrate's decision that found ATT had committed violations of the Telephone Consumer Protection Act (TCPA) and the Federal Communications Commission implementing regulations (47 C.F.R. § 64.1200 et seq.). On appeal, ATT urges that it committed no violation of the TCPA and/or that the trial court erred in concluding that ATT willfully and knowingly violated the TCPA. For the reasons that follow, we affirm.
According to the record, Mr. Adamo first requested ATT to place his number on its do not call list on July 18, 1998. Thereafter, ATT continued to call his phone number. In February, 1999, Mr. Adamo filed his first lawsuit against ATT for alleged violations of the TCPA. Since then, Mr. Adamo has filed a total of seven lawsuits against ATT for unwanted phone solicitations and failure to send him its do not call policies.
After receiving a judgment against ATT in April 2000, Mr. Adamo received another call from ATT in July, 2000 and commenced this action. Thereafter, he received another call on August 9, 2000 from the same representative that he had expressly instructed not to call the month before. Although Mr. Adamo repeatedly requested a copy of ATT's do not call policy, he testified that he never received the policy.
In its defense, ATT argued that Dun Bradstreet lists the phone number as a business number. ATT presented a facsimile captioned as a Dun Bradstreet Company Report to support its position. However, Mr. Adamo presented his phone bills that categorize the number as residential. With regard to this issue, the Magistrate made the following finding:
 [T]his Court has had the opportunity to visit this question on two other occasions with the Plaintiff. In each case, the evidence showed that the number in question * * * listed and billed as a private residence. Moreover, the Court strongly suggested to the Defendants' representative in those cases that their records be changed to more accurately reflect the situation, and not rely upon a clearinghouse like Dun Bradstreet. This obviously was not done, despite assurances that it would.
After holding a hearing, the Magistrate concluded that ATT violated the TCPA by calling Mr. Adamo on July 19 and August 9, 2000 and by failing to send a copy of its do not call policies in violation of47 C.F.R. § 64.1200. Based on the history of lawsuits between Mr. Adamo and ATT involving the same issues and defenses, the Magistrate found that the violations were knowing and willful and awarded treble damages for each violation.
ATT objected to the Magistrate's decision on three grounds: (1) Dun 
Bradstreet lists the subject number as a business; (2) the TCPA does not grant private rights of action without the authorization of state law; and (3) the judgment rendered in favor of Mr. Adamo earlier in the year permitted ATT to make two more calls before constituting a violation. The trial court overruled each of ATT's objections and upheld the Magistrate's Decision in its entirety.
ATT assigns three errors for our review:
 I. THE TRIAL COURT ERRED BY FINDING THAT ATT WILLFULLY AND KNOWINGLY VIOLATED 47 U.S.C. 227.
 II. THE TRIAL COURT ERRED BY FINDING THAT ATT FAILED TO PROVIDE A COPY OF ITS DO NOT CALL PROCEDURES IN VIOLATION OF 47 U.S.C. § 227.
 III. THE TRIAL COURT ERRED BY FINDING THAT ATT MADE TELEPHONE CALLS IN VIOLATION OF 47 U.S.C. 227.
We will address the assigned errors out of order.
In the third assignment of error, ATT contends that it did not violate the provisions of the TCPA because Mr. Adamo's phone number should be considered a business line. The TCPA does not extend to business customers. International Science Technology Inst. Inc. v. Inacom Communications, 106 F.R.3d 1146 (4th Cir. 1997). However, the parties introduced contradictory evidence on this issue. In particular, ATT submitted a photocopied fascimile of a Dun Bradstreet report while Mr. Adamo presented the phone records that designate the phone number as a residential line.
The record further indicates that in previous litigation, ATT was instructed by the Magistrate to correct its records to reflect the residential nature of the phone number and not to rely on the Dun 
Bradstreet report. The court found the evidence from the telephone provider more compelling than the evidence compiled by a service that does not guarantee the reliability of its information. The trial court's finding that the subject calls were made to a residence, rather than a business is supported by competent, credible evidence.
Under this assignment of error, ATT also suggests that it had established and implemented reasonable practices and procedures to effectively prevent a violation of the statute. We note that ATT raises this affirmative defense for the first time on appeal. Nonetheless, the record illustrates that while procedures may exist, they have not effectively prevented the continued unsolicited calls to the subject phone number as evidenced by the multitude of successful actions that Mr. Adamo has pursued against ATT.
The trial court found that ATT made two telephone calls in violation of the TCPA. In pertinent part, 47 U.S.C. § 227(c)(5) provides as follows:
(5) Private right of action
 A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State —
 (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
 (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
ATT does not dispute that it placed calls to Mr. Adamo on both July 19 and August 9, 2000 after having been previously informed by Mr. Adamo not to call. The trial court found that each call constituted a violation in accordance with the statute. Accordingly, the third assignment of error is overruled.
In the second assignment of error, ATT urges that a violation of the Code of Federal Regulations, namely 47 C.F.R. § 64.1200, does not qualify as a compensable violation under the TCPA.
In accordance with the directives of the TCPA, The Federal Communications Commission promulgated regulations restricting telephone solicitation through 47 C.F.R. § 64.1200, et seq. The regulations require ATT to have a written policy, available upon demand, for maintaining a do-not-call policy. 47 C.F.R. § 64.1200(e)(2)(i). Mr. Adamo contends that ATT's failure to provide the policy to him upon his demand is a compensable violation under the language of the TCPA. We agree. The TCPA provides for recovery of a violation of the regulations prescribed under the applicable subsection. 47 U.S.C. § 227(c)(5)(A) 
(B). Accordingly, the second assignment of error is overruled.
In the first assignment of error, ATT maintains that the court erred in finding that it willfully and knowingly violated the TCPA. However, the Magistrate specifically reached this finding because the Court had on two previous occasions strongly suggested to ATT's representatives to change its records to more accurately reflect the situation; that is that the subject phone number is a residence and not a business. The Magistrate explicitly noted that because of ATT's continuing failure to put the Plaintiff on the `Do Not Call' list, to stop considering Plaintiff a business customer, and the failure of the proper policies to be sent to Plaintiff following several requests, this Court must find these violations to be willful and knowingly done, contrary to47 U.S.C. § 227(5). The trial court did not abuse its discretion in upholding the Magistrate's decision in this regard and the first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.